# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. WARSAW,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | Case No.: 19cv1578 CAB (MDD)<br><br>**ORDER: (1) DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AS MOOT AND (2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On August 7, 2019, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. (*See* ECF Nos. 1 & 2.) On September 4, 2019, Petitioner paid the requisite filing fee. (*See* ECF No. 3.) In its September 6, 2019 Order, the Court denied Petitioner's request to proceed in forma pauperis as moot and dismissed the case without prejudice because Petitioner failed to state a cognizable claim. Petitioner was instructed that to have this case reopened he had to file a First Amended Petition no later than November 12, 2019. On October 28, 2019, Petitioner filed a First Amended Petition (ECF No. 13) pursuant to this Court's Order, along with another request to proceed in forma pauperis. (ECF No. 14.)

/ / /

/ / /

1

## REQUEST TO PROCEED IN FORMA PAUPERIS

As noted above, Petitioner submitted the $5.00 filing fee on September 4, 2019. (ECF No. 3.) Because Petitioner has paid the filing fee, the Court **DENIES** Petitioner's application to proceed in forma pauperis as moot.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The First Amended Petition must be dismissed because Petitioner has failed to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.

Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v.*

/ / /

/ / /

*Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

///

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Accordingly, the Court **DENIES** the request to proceed in forma pauperis as moot and **DISMISSES** the case without prejudice and with leave to amend. In order to have this case reopened, Petitioner must file a Second Amended Petition which cures the pleading deficiency outlined in this Order, no later than **December 30, 2019**. For Petitioner's convenience, the Clerk of Court shall include with this Order, a blank amended petition form.

**IT IS SO ORDERED.**

Dated: October 29, 2019

Hon. Cathy Ann Bencivengo
United States District Judge