| | |
|---|---|
| CHRISTOPHER D. WARSAW,<br><br>         Plaintiff,<br><br>v.<br><br>MARCUS POLLARD,<br><br>         Defendant. | Case No.: 19cv1578-CAB-MDD<br><br>**ORDER DENYING MOTION FOR ACCESS TO LEGAL MATERIALS, A LAW LIBRARY, WRITING MATERIALS, AND LEGAL CALLS**<br><br>**[ECF No. 11]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Petitioner Christopher Warsaw ("Petitioner") is a state prisoner proceeding *pro se* in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On October 16, 2019, Petitioner filed a motion for a court order instructing officers and employees of Richard J. Donovan Correctional Facility to grant him access to legal materials, a law library, writing materials, and legal calls. (ECF No. 11 at 1).[1] Since the filing of this motion, Petitioner filed an amended petition and a motion to proceed in forma

---

[1] All pincite page references refer to the automatically generated ECF page numbers, not the page number in the original document.

pauperis.[2]  (ECF Nos. 13, 14).

First, this Court lacks jurisdiction by way of habeas corpus proceedings to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.  As a preliminary matter, the Court must have a "case" or "controversy" before it.  *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968).  Absent a case or controversy, this court cannot hear the matter.  *Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972).

Here, Petitioner challenges the constitutionality of his state court conviction pursuant to 28 U.S.C. § 2254.  Thus, the "case" or "controversy" over which this Court has habeas jurisdiction is limited to the challenges set forth in the § 2254 petition.

Second, Petitioner's challenge is more properly addressed in a complaint pursuant to 42 U.S.C. § 1983.  A habeas corpus petition is the method for a prisoner to challenge the "'legality or duration'" of his confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  On the other hand, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991).

Because Petitioner's request concerns the conditions of his confinement and this action is proceeding under 28 U.S.C. § 2254, the Court must deny Petitioner's request.

Based on the foregoing, the Court **DENIES** Petitioner's motion.  *See Donley v. Beard*, No. 1:15-cv-01816-DAD-JLT (HC), 2017 U.S. Dist. LEXIS

---

[2] This suggests Petitioner has access to at least some of the materials he requests and that he has not been prejudiced by any lack of access.

2

41690 (E.D. Cal. Mar. 22, 2017) (denying motion for access to law library); *Gonzales v. Cash*, 1:11-cv-01644 BAM (HC), 2012 U.S. Dist. LEXIS 8517 (E.D. Cal. Jan. 25, 2012) (same).

**IT IS SO ORDERED**.

Dated: November 4, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge